**BI DI CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–1520–ag.

United States Court of Appeals,
Second Circuit.

Jan. 8, 2007.

Vlad Kuzmin, New York, NY, for petitioner.

Anna Mills Wagoner, U.S. Atty. for the Middle District of North Carolina, Douglas Cannon, Asst. U.S. Atty., Greensboro, NC, for respondent.

Present: JON O. NEWMAN, CHESTER J. STRAUB and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Bi Di Chen, a native and citizen from the People's Republic of China, seeks review of a March 1, 2006 order of the BIA affirming the May 18, 2004 decision of immigration judge ("IJ") Annette S. Elstein denying his motion to reopen his immigration proceedings. *In re Bi Di Chen*, No. A 73–659–110 (BIA March 1, 2006), *aff'g* No. A73–659–110 (Immig. Ct. N.Y. City May 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) *(per curiam); Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

■ Chen submitted evidence in the form of an X-ray report to substantiate his claim that his wife underwent a forced sterilization procedure. Although the IJ initially determined that the evidence was in fact new and not previously available, as it is dated after the 1997 hearing, she concluded that the document was nonetheless immaterial and "non-contemporaneous" with respect to the sterilization itself. The IJ correctly determined that, despite the newness of the document, there is nothing in the report to indicate when the sterilization took place, and furthermore, the circumstances in which such a procedure took place. The sterilization could have occurred at anytime from 1988 from 2002 and could have occurred under his wife's own volition. There is no evidence in the record to clarify these questions. The IJ and BIA were therefore reasonable in denying Chen's motion to reopen based on new evidence, finding that Chen had failed to establish the materiality of his evidence. *See* 8 C.F.R. § 1003.2(c)(1).

The BIA also noted that Chen's failure to exercise due diligence in pursuing his claims for relief was a ground for discretionary denial of his motion under 8 C.F.R. § 1003.2(a). The time requirement for filing motions to reopen may be equitably tolled for motions based on ineffective assistance of counsel in certain circumstances. *See, e.g., Iavorski v. INS*, 232 F.3d 124, 129–34 (2d Cir.2000); *Ali v. Gonzales*, 448 F.3d 515, 517–18 (2d Cir.2006). The filing deadline will be tolled only until the movant discovers, or should have discovered the ineffective assistance. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). In addition, the applicant must prove that he exercised due diligence in filing the motion. *Id.* at 170 (internal citations omitted)

■ Chen argued that fraudulent behavior on part of a "travel agency" prevented him from obtaining such evidence,

and that he visited "a number of travel agencies and asked them to find him an attorney, but interpreters at those agencies told [him] that they could not help [him] if they did not have [his] file." Chen did not offer sufficient evidence that he exercised due diligence during the period he seeks to toll. Although Chen explained that he was having difficulty finding an attorney and that, without his file, no one would help him, he failed to account for the six and one-half years between the time the IJ ordered him deported and the time he filed his motion to reopen. As a result, the BIA did not abuse its discretion in denying Chen's motion to reopen for failing to demonstrate due diligence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).